# SEYFARTH SHAW

Seyfarth Shaw LLP
975 F Street, N.W.
Washington, DC 20004-1454
(202) 463-2400
fax (202) 828-5393
www.seyfarth.com

Writer's direct phone
(415) 544-1015

Writer's e-mail
mwahlander@seyfarth.com

November 6, 2015

Hon. Judge Susan Illston
United States District Court - Northern District of California
Courtroom 10 - 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    Groves v. Regis Corporation; Case No. 3:15-cv-00621-SI

Dear Hon. Judge Illston:

    Attached please find Defendant Regis Corporation's ("Regis") statement in support of its motion for a protective order regulating counsel for Plaintiff's conduct during deposition and to compel Plaintiff to respond to deposition questions. Regis submits this statement separately as a joint statement has not been possible. Regis twice offered Plaintiff the opportunity to provide a statement, but Plaintiff expressed no opinion on the matter.

    As explained in the statement, the Parties met and conferred in-person on the record several times during the deposition on both days before Regis was forced to suspend the deposition to seek this order. The process ended, and both parties understood their relative positions.

    After the deposition, despite what had occurred on the record, Plaintiff claimed that the meet and confer process could not begin without going over specific transcript sections. Regis responded several times that the process was complete as it occurred on the record and that there was nothing more to discuss.

    Should the Court wish to review the transcript sections at issue or need further briefing, Regis will happily provide it.

    Thank you for your attention to this matter.

    Very truly yours,

    SEYFARTH SHAW LLP

    /s/ Michael A. Wahlander

**Defendant Regis Corporation's Position**

Defendant Regis Corporation ("Regis") needs this Court's help to stop the inappropriate deposition behavior of Plaintiff's counsel. *Both of them* obstructed a fair examination of his client by repeatedly coaching her on pending questions, making speaking objections suggesting answers, and instructing her not to answer proper questions. Regis asked them to stop. They did not. As such, Regis has no choice but to seek a protective order against such conduct and to compel Plaintiff to answer Regis's questions. Regis also seeks sanctions.

**I.   Plaintiff's Inappropriate Coaching And Speaking Objections**

In this lawsuit, Plaintiff alleges that Regis ended her employment and failed to promote her because of her age and disability. She also says that Regis did not accommodate her purported disability. Plaintiff seeks several forms of damages, including lost wages. On October 26, 2015, Plaintiff's deposition began. Right away, Plaintiff's counsel interrupted the examination *no less than five times* and coached her on how to answer questions as they were pending, giving instructions such as "*listen the question and understand it before you compose your answer in your head, and then tell him your answer*" and frequently telling her that this was her "*job today*." (*See*, Plf. Depo. at 28:17-23; 16:10-15; 19:4-7; 35:7-12; 59:10-16.)[1] Regis objected, but to no avail.

After the fifth time, the conduct got worse. When Regis asked Plaintiff what she had done to find a new job (a critical and valid question), Plaintiff's counsel interrupted Plaintiff in the middle of her answer and instructed her to *take as long as she needed to write down her answer to the question before responding to the question*. (Plf. Depo. at 65:9-24.) Plaintiff followed the instruction, which unduly delayed the examination for several minutes—in fact, she forgot the question. (*Id*. at 67:1-3.) Again, Regis objected to this conduct. It was futile.

Later in the deposition, Regis began to ask Plaintiff whether she believed her various supervisors treated her differently, unfairly, or discriminated against her because she is over 40 years of age or because of any disability— which are critical issues in this case and appropriate for inquiry. Plaintiff's counsel repeatedly (*no less than 12 times*) blocked the examination with the following speaking objection, "Objection. Speculation. You may speculate." (Plf. Depo. at 149:12-151:4; 154:4-8; 154:13-155:23; 158:18-23.) Invariably, Plaintiff parroted the objections and gave answers such as, "I prefer not to speculate" or "I do not want to speculate." (*Id*.) Counsel even employed the same tactic to block Regis from finding out what disabilities Regis allegedly did not accommodate. (*Id*. at 199:8-14.) As discussed below, Regis repeatedly objected to this conduct, but it continued.

On October 27, 2015, the deposition continued, but so did the inappropriate conduct. The coaching continued. (Plf. Depo at 218:9-18.) So did the suggestive objections. Indeed, Regis again tried asking Plaintiff whether she believed or had evidence that certain individuals treated her differently or unfairly because of her age or disability. (Plf. Depo. at 225:6-25; 228:16-230:1.) Once again, Plaintiff responded "I won't speculate." (*Id*.) This occurred *eleven more times*. (*Id*.) At that point, Regis suspended the deposition.

**II.   Meet And Confer Efforts**

Before suspending the deposition, multiple meet and confer efforts occurred in-person on the record. To start, after counsel began coaching Plaintiff, Regis informed counsel that this instruction and his others were inappropriate — and asked him to stop. (*Id*. at 66:8-14.) Counsel responded by raising his voice, claiming that his conduct was appropriate (without explanation), *daring Regis to seek relief from this Court*, and continuing to instruct his client to write down her answer before responding. (*Id*. at 66:15-24.) When the conduct continued, Regis again explained to counsel why the conduct was wrong as it violated FRCP 30 and also explained that if it continued, Regis would suspend the deposition to obtain a protective order. (Plf. Depo. at 67:4-17.) Counsel responded, "*Let's do it now*." (*Id*.) Counsel also stated that his conduct "*will continue*." (*Id*.)

As to the objections to questions about Plaintiff's beliefs, Regis explained that the objection lacked merit because Plaintiff had knowledge to answer—*she even admitted her belief that Regis discriminated against her*.

---

[1] This occurred at least 4 more times. (*See*, Plf. Depo at 122:11-12; 148:25-149:1; 198:8-19; 199:19-20.) Several times both counsel engaged in "tag team" objections, where they would alternate objecting. (*Id*. at 107:12-109:5; 144:25-145:12; 149:15-24.) Counsel also made rude remarks to counsel. (*Id*. at 188:13-20 (claiming that counsel was inappropriately billing his client during the deposition in front of the representative of Regis).

(Plf. Depo. at 156:3-158:3; 158:5-17.) Counsel indicated that the witness was not going to speculate, and that it was time for the meet and confer process — but, after further discussion, said that Regis was *free to go to Court*. (*Id*.) The conduct continued, as did the meet and confer process.

Counsel then claimed that a state court case justified the objection, and that the question about her belief called for her to state legal contentions. (Plf. Depo. at 162:17-19.) Regis responded that the questions about the witness's beliefs did not ask her to apply law to fact and that the additional comment "You may speculate" violated FRCP 30 as it suggested an answer to the witness. (*Id*.) Counsel responded that *the meet and confer on the issue was over* and that there may be further discussion during the next day of deposition. (*Id*. at 163:22-164:19.) The next day, after Plaintiff engaged in the same conduct *eleven more times*, Regis invited counsel to further discuss the issue. (*Id*. at 230:2-231:14.) Counsel declined and agreed that the parties understood their positions. (*Id*.)

### III.    Argument

#### A.    A Protective Order Is Necessary, As Is An Order Compelling Plaintiff's Answers

Under Rule 30(c)(2), objections must be stated concisely in a nonargumentative and a nonsuggestive manner. As such, "speaking objections" and "coaching" are not allowed in a deposition. *JSR Micro, Inc. v. QBE Insurance Corp.*, 2010 WL 1338152, at *7-12 (N.D. Cal. 2010) (speaking objections not appropriate); *Specht v. Google, Inc.*, 268 F.R.D. 596, 598 (N.D. Ill. 2010) (speaking objections improper and assessing sanctions); *Security Nat'l Bank of Sioux City, Iowa v. Abbot Labs*, 299 F.R.D. 595, 604 (N.D. Ia. 2014) (coaching prohibited). Such conduct also violates this Court's Guidelines for Professional Conduct 9(h)-(l). Indeed, it is appropriate for a court to issue an order to prohibiting such conduct. *See*, *JSR Micro, Inc.*, 2010 WL 1338153 at *11 (admonishing counsel to cease improper deposition conduct); Fed. R. Civ. Proc. 30(c)(2) (authorizing "appropriate" sanctions).

Here, Counsel's conduct was not appropriate under Rule 30 as it constituted coaching and speaking objections. Furthermore, questions about an employment discrimination Plaintiff's beliefs are appropriate, critical to Regis's defense, and do not require an application of law to fact. Indeed, several courts around the country (including California) have relied on responses to such questions to grant summary judgment. *Blake v. Potter*, 2007 WL 2815637 at *7 (S.D.N.Y. 2007); *Foster v. Bank of America, N.A.*, 2014 WL 4092311, at *6 (E.D. Cal. 2014).[2] Such questions are especially relevant, where, as here, *Plaintiff admits that she believes Regis discriminated against her*. Regis is entitled to explore the basis for those beliefs. Thus, the Court may compel her to respond as well. Fed. R. Civ. Pro. 37(a)(3)(B)(i). As such, Regis requests that the Court order Plaintiff's counsel to cease with their wrongful deposition conduct, and order Plaintiff to appear immediately for a continued deposition and answer Regis's questions without objection or coaching.

#### C.    Sanctions Are Appropriate

The Court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impeded, delays, or frustrates the fair examination of the deponent. Fed. R. Civ. Proc. 30(d)(2). Here, counsel's conduct blocked Regis's fair examination of Plaintiff—the most important witness in the case. Monetary sanctions are certainly appropriate, but Regis believes a more severe sanction, such as an evidentiary sanction, may be also appropriate, such as precluding Plaintiff from presenting evidence of discrimination. Counsel's conduct on such critical issues has unduly prejudiced Regis's examination as it will never know Plaintiff's unimpeded answer to its questions. *See*, *McDonough v. Keniston*, 188 F.R.D. 22, 24 (D.N.H. 1998) (coaching demonstrated when witness adopts coaching); *Cordova v. United States*, 2006 4109659, at *3 (D. N.M. 2006) (sanctions appropriate as it is impossible to know witness's true answer absent the coaching).

For the above reasons, Regis respectfully requests that the Court grant its motion.

---

[2] *See also*, *Kaufman v. BASF Corp.*, 109 F.Supp.2d 715, 718 (E.D. Mich. 2000); *Lancaster v. Sprint/United Management Co.*, 2015 WL 5305944 at *5 (W.D. Okla. 2015); *Johnson v. City of New York*, 326 F.Supp.2d 364, 371-72, (E.D.N.Y. 2004); *Petty, et al. v. Delaware River & Bay Auth.*, 2014 SL 4446172, at *7 (D. Del. 2014); *Hussein v. UPMC Mercy Hospital*, 2011 WL 13751, at *13 (E.D.N.Y. 2011); *Bennett v. Calabrian Chemicals Corp.*, 324 F.Supp.2d 815, 829 (E.D. Tex. 2004).

2