UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONDA GROVES,<br><br>    Plaintiff,<br><br>        v.<br><br>REGIS CORPORATION, et al.<br><br>    Defendants. | Case No. 15-cv-00621-SI<br><br>**ORDER RE: FIRST, SECOND, AND THIRD DISCOVERY DISPUTES AND ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. Nos. 47, 59, 60, 63 |

This order addresses three pending discovery disputes. The parties did not file joint discovery letters but have made separate filings to which the opposing party has responded. *See* Dkt. Nos. 47, 48, 59, 60, 61, 62. These are the first, second, and third discovery disputes in this case. Defendant Regis Corporation has also filed an administrative motion to seal Docket Number 60. Dkt. No. 63. For the reasons stated below, the Court rules as follows.

**DISCUSSION**

**I.    Plaintiff Rhonda Groves's Deposition and Order of Depositions**

On November 6, 2015, defendant filed a discovery letter claiming that plaintiff's counsel engaged in inappropriate coaching and speaking objections during plaintiff's deposition. Dkt. No. 47. Defendant seeks a protective order, an order compelling plaintiff to answer defendant's questions, and sanctions. *Id.* Plaintiff disputes that her counsel's conduct at deposition was improper and objects that certain questions called for a legal conclusion. Dkt. No. 48 at 2-3. The Court ordered defendant to file a copy of plaintiff's deposition transcript, which defendant did on November 24, 2015. *See* Dkt. Nos. 51, 53.

Defendant seeks a protective order primarily from two types of conduct at plaintiff's

deposition: (1) plaintiff's counsel's interjections reminding plaintiff that her "job today" was to "listen to the question and understand it before you compose your answer in your head, and then tell him your answer" and (2) plaintiff's counsel's objections as to speculation that resulted in plaintiff giving answers such as "I prefer not to speculate." *See* Dkt. No. 47 at 1.

A review of the deposition transcript reveals that plaintiff's counsel did engage in conduct that amounted to improper coaching. Plaintiff's counsel interrupted the deposition at least six times to tell plaintiff to listen to the question and then answer. Groves Dep. 16:9-14, 19:3-7, 23:12-20, 59:7-16, 122:8-12, 177:10-19, Dkt. No. 53. These reminders frequently followed on the heels of plaintiff offering more or different information than what the question called for. *See id.* The Court finds that repeatedly interrupting the deposition in this manner does constitute improper coaching.

Likewise, plaintiff's counsel repeatedly objected to certain questions as speculation and then told plaintiff, "You may speculate." *See, e.g., id.* 149:20-24, 150:2-6, 158:18-23. Counsel often made these objections where questions roughly followed the format, "Do you believe that [person X] treated you differently/unfairly based on your age/disability?" *See id.* Early in the deposition, plaintiff proceeded to answer the question after her counsel objected based on speculation. *See, e.g., id.* 19:10-20, 107:10-16. Later in the first day, plaintiff began to respond along the lines of, "I prefer not to speculate," and did not answer the question. *See, e.g., id.* 149:12-24, 154:13-17, 158:18-23, 185:12-17. By the second day of deposition, although plaintiff's counsel refrained from saying "you may speculate," each time that counsel objected based on speculation, plaintiff refused to answer the question. *See, e.g., id.* 224:3-10, 224:14-19, 225:6-9, 225:11-16. Plaintiff's counsel also reminded plaintiff several times during her deposition that she was testifying under penalty of perjury, telling her, for instance, "If you want to speculate here in your deposition under penalty of perjury . . . then you're welcome to so speculate." *Id.* 155:19-25, 157:21-158:3.

When taken in context, the Court finds that plaintiff's counsel's objections effectively operated as improper instructions not to answer the question. Where defendant framed a question as asking for plaintiff's belief, plaintiff's counsel is incorrect that this calls for speculation. More

importantly, plaintiff's counsel's objection clearly had the effect of instructing plaintiff not to answer the question.

The Court therefore ORDERS that plaintiff's deposition be completed as soon as practicable. If he wishes to do so, plaintiff's counsel may instruct plaintiff on the record one time of her obligation to listen to the question and answer it; counsel shall not do so repeatedly throughout the deposition. If plaintiff's counsel wishes to object to a line of questioning based on speculation, counsel may make a standing objection on the record. Plaintiff shall answer defendant's questions even if her counsel objects based on speculation. The Court further ORDERS that the parties schedule the depositions of defendant's witnesses Tracy Nelson and Troy Hackmeister to occur promptly after the completion of Ms. Groves's deposition. This hereby disposes of Docket Numbers 47 and 59.[1]

## II.     Defendant's Responses to Special Interrogatories Nos. 17 and 18

On November 30, 2015, plaintiff filed a discovery dispute letter requesting a motion to compel supplemental responses to plaintiff's Special Interrogatories Nos. 17 and 18. Dkt. No. 60. Plaintiff argued that defendant's responses were "evasive and incomplete." *Id*. at 3. Defendant responded that it informed plaintiff that "it had gotten the information from the decision maker and provided her all the information available to it and that there was nothing to compel." Dkt. No. 61 at 3.

The Court finds that defendant's responses to the interrogatories are not incomplete. Special Interrogatory 17 requested "all information Tracy Nelson received from Human Resources about Plaintiff that you contend caused Ms. Nelson to question whether Plaintiff has the proper judgment for a Regional Director position." Dkt. No. 60 at 2. In response, defendant provided

---

[1] Plaintiff filed a discovery dispute letter to compel the depositions of Tracy Nelson and Troy Hackmeister. Dkt. No. 59. She argues that she properly noticed these depositions but that defendant refused to produce the witnesses until after plaintiff's deposition was completed. *Id*. at 2. Defendant responded that "Plaintiff seeks to take advantage of her deposition misconduct by forcing Regis to produce its witnesses before Regis finishes Plaintiff's deposition." Dkt. No. 62 at 2.

information regarding the process of interviewing plaintiff for the Regional Director position, what Tracy Nelson learned from Human Resources, and what effect this information had on Ms. Nelson's hiring decision. *See id.* Special Interrogatory 18 requested, "for each person who has held the Regional Director position for which Plaintiff was considered in 2013, . . . all qualifications and experience the person had that caused you to believe that he/she was the best qualified, available person for the position." *Id.* In response, defendant named three individuals who have acted as Regional Director and described the reasons why Tracy Nelson hired them for that position. *See id.*

Accordingly, the Court DENIES plaintiff's motion to compel supplemental responses to Special Interrogatories 17 and 18. The Court also notes that plaintiff has not yet deposed Tracy Nelson. To the extent that plaintiff desires more detail than she obtained through interrogatories, plaintiff may be more successful in obtaining the information at Ms. Nelson's deposition.

**III.   Sanctions**

Each party has requested sanctions against the other. Defendant seeks sanctions for plaintiff's counsel's deposition conduct based on Federal Rule of Civil Procedure 30(d)(2). Dkt. No. 47 at 2. Plaintiff requests sanctions for defendant's failure to produce witnesses whose depositions were noticed under Rule 37(d)[2] and requests sanctions if the Court grants her motion to compel responses to interrogatories.[3] Dkt. Nos. 59 at 3, 60 at 3. The Court notes that although amendments to the Federal Rules of Civil Procedure have taken effect during the pendency of the parties' discovery disputes, these amendments do not impact the provisions on which the parties

---

[2] Plaintiff does not specify under which subsection of Rule 37(d) she seeks sanctions. The Court assumes that plaintiff seeks sanctions under Rule 37(d)(1)(A)(i), which permits a court to order sanctions if "a party or a party's officer, director, or managing agent . . . fails, after being served with proper notice, to appear for that person's deposition . . . ." *See* Fed. R. Civ. P. 37(d)(1)(A)(i).

[3] Plaintiff cites to "FRCP 37(1)(5)(A)" as authority for an award of sanctions where a court grants a motion to compel interrogatory responses. Dkt. No. 60 at 3. The Court assumes that plaintiff seeks sanctions under Rule 37(a)(5)(A), which requires payment of "the movant's reasonable expenses incurred" in making a successful motion to compel an answer to an interrogatory. *See* Fed. R. Civ. P. 37(a)(5)(A).

4

rely for sanctions.

Sanctions under Rule 30(d)(2) and Rule 37(d)(1)(A) are discretionary. *See* Fed. R. Civ. P. 30(d)(2), 37(d)(1)(A). The Court exercises its discretion and DENIES both parties' requests for sanctions under these provisions at this time. The Court also DENIES plaintiff's request for sanctions under Rule 37(a)(5)(A), as plaintiff was unsuccessful in obtaining a motion to compel supplemental interrogatory responses.

Counsel are reminded that this Court's standing order requires that discovery disputes be lodged via "a concise joint statement of 5 pages or less" following an in-person meet and confer. Standing Order at 1. Additionally, Civil Local Rule 3-4(c)(2) requires that printed text contained in a filing "may not be smaller than 12-point standard font (e.g., Times New Roman). The text of footnotes and quotations must also conform to these font requirements." Although the text in discovery letters need not be double spaced, the text must meet these font size requirements. The font size requirements contained in the Court's Local Rules are necessary to ensure that the Court can adequately and comfortably read the arguments and analysis provided in the parties' filings.

## IV.     Administrative Motion to Seal

Defendant objects that plaintiff violated the protective order in this case because one of her discovery dispute letters discloses the verbatim language of defendant's confidential response to Special Interrogatory 18. Dkt. No. 63 at 1. Defendant asks that the Court order Docket Number 60 to be sealed in its entirety. *Id.* All requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access. Civ. L.R. 79-5(b). A request to seal the entire filing, which contains a non-confidential response to Special Interrogatory 17 and which contains plaintiff's argument in support of its motion to compel, is not narrowly tailored. The Court finds that the protective order may be carried out by redacting only that portion of plaintiff's filing that contains the response that defendant designated as confidential. Accordingly, the Court STRIKES Docket Number 60 from the public docket and ORDERS plaintiff to file a redacted version of Docket Number 60 that redacts defendant's response to Special Interrogatory 18.

**CONCLUSION**

The Court ORDERS that the deposition of Rhonda Groves be completed as soon as practicable, with the limitations on plaintiff's counsel's conduct described above, and that the depositions of Tracy Nelson and Troy Hackmeister be scheduled to occur promptly thereafter. The Court DENIES plaintiff's motion to compel defendant's supplemental responses to Special Interrogatories 17 and 18.  The Court DENIES both parties' requests for sanctions.  The Court STRIKES Docket Number 60 from the public docket and ORDERS plaintiff to file a new version that redacts defendant's response to Special Interrogatory 18.

**IT IS SO ORDERED**.

Dated:  December 10, 2015

SUSAN ILLSTON
United States District Judge